UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:

JERRI LYNN WILSON                                      CASE NO. 16-31883

Debtor                                                        CHAPTER 13

---

TRUSTEE'S OBJECTION TO BSI FINANCIAL SERVICES PROOF OF CLAIM
FILED DECEMBER 20, 2016 AS COURT CLAIM 5

---

Comes now the Trustee, Debra L. Miller, and for her Objection to BSI Financial Services as servicer for Wilmington Savings Fund Society FSB, DBA Christiana Trust, Not Individually but as trust for Ventures Trust 2013 I H R (hereinafter "Creditor") and states as follows:

1. This bankruptcy was filed on August 22, 2016.  The plan as confirmed on December 16, 2016, proposes to cure and maintain the mortgage held by Creditor provided a timely allowed proof of claim was filed by the Creditor.

2. On December 20, 2016, Creditor filed a proof of claim. The proof of claim asserts a total due of $158,511.84 with a pre petition arrearage of $16,483.31.

3. Pursuant to the requirements of Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. Pro) 3001, a proof of claim must contain specific information and be filed on the proper attachment.

    a. Fed. R. Bankr. Pro 3002(c)(2)(A) requires the claim to itemize interest, fees, expenses or other charges incurred before the date of filing

    b. Fed. R. Bankr. Pro. 3002(c)(2)(C) requires Form B410A when a security interest is claimed in property that is the Debtor's principal residence.

4. The proof of claim filed by the Creditor fails to comply with these requirements.

5. The proof of claim attachment B410, Part 5, Column begins with a fee balance of $851.50. Creditor has failed to identify or itemize when or how these fees were incurred as required by Fed. R. Bankr. Pro 3002(c)(2)(A) and contrary to the instructions of the Form B410A as the loan payment history does not go back to the First Date of Default.

6. The detail provided in the Part 5 is also not sufficient to identify what the expenses were incurred for. Specifically, the Trustee questions the following listed types of amounts listed in Part 5 totaling:

    a. "Beginning Fees/Charges balance" of $851.50
    b. "Corporate Advances" for $180
    c. "Expenses Advanced" for $2131.22
    d. "Escrow Disbursement" for $5492.58
    e. "Other Fee Assessment- Prior Servicer Corp Advance" for $3217.22
    f. "Other Fee Assessment – Prior Servicer Late Charges" $1103.16
    g. "Other Fee Assessment" for $4653.92
    h. "Other Fee Waiver" for $8796.58
    i. :Other Fee Payment" for $5930.92

7. Trustee questions the entry of August 1, 2014, entitled "Service Transfer" in which the balance of the amount in column "Fees and Charges" of $2514.22 was reduced to $0 and the escrow balance was increased $2465.15 with no explanation of other description.

8. Trustee would note that fees and charges are not properly payable from the escrow amount or escrow calculation and this transfer itself is contrary to the Real Estate Settlement Procedures Act.

9. Trustee also questions the reversal of 5 monthly payments immediately before the bankruptcy was filed. Creditor reversed 5 monthly payments of principal, interest and escrow, totaling $6451.11 to apply those funds to the fees and charges outstanding.

10. Prior to the reversal, the Debtor was contractually due for April 2016 as of July 2016. After the reversal, the Debtor was due for November 1, 2015.

11. Under the terms of the Uniform Covenants, section 2 of the Mortgage (Page 46 of 63 of the proof of claim), all payments received by the Creditor are to be applied in the following order of priority:

    a. Interest due under the Note;

    b. Principal due under the Note;

    c. Other amounts due in the following order:

        i. Late charges

        ii. Other amounts due under the security instrument

12. This reversal appears to be contrary to the terms of the Mortgage.

13. Creditor also failed to properly perform an escrow analysis as of the date of filing as required by In re Briet.

    a. Part 4 of the Form B410A shows a monthly escrow amount due of $598.21 a month.

      b.   The escrow analysis filed with the proof of claim on Page 62 and 63 of the proof of claim shows that Creditor failed to begin the escrow analysis with a $0 balance as required.

      c.   Due to the failure to properly conduct the analysis, Creditor includes a shortage amount of $315.41 a month, improperly increasing the monthly payment from $1190.69 to $1506.10.

14. Due to this improper calculation, Creditor seeks an incorrect monthly payment of $1506.10 a month- charging the Debtor an additional $3784.92 that the creditor is not entitled to.

WHEREFORE, for all of the above reasons, the Trustee objects to the proof of claim, including the calculation on the principal balance of the mortgage, the amount due of pre petition arrearage and the monthly payment amount listed in the proof of claim.  For these reasons, the Trustee requests her objection BE SET FOR HEARING.

Dated:      January 19, 2017               Respectfully Submitted,

                                          /s/ Debra L. Miller, Trustee
                                        Standing Chapter 13 Trustee
                                        PO Box 11550
                                        South Bend, IN  46634
                                        (574) 254-1313

CERTIFICATE OF SERVICE

I certify that on January 19, 2017, I served this pleading as follows:

By First Class US Mail postage pre paid:

Debtor:      Jerri Lynn Wilson, 51900 Renshaw Dr., South Bend IN  46628

Creditor:     BSI Financial Services, 7500 Old Georgetown Rd, Suite 1350, Bethesda MD 20814

Creditor:     BSI Financial Services, PO Box 679002 Dallas TX 75267

By CM/ECF

Debtor Attorney:    Patrick Seese

Creditor:     Wilmington Savings Fund thru their attorney Weinstein & Riley

United States Trustee

                                          /s/ Debra L. Miller, Trustee