UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE:
JERRI LYNN WILSON                                        CASE NO. 16-31883
DEBTOR                                                          CHAPTER 13

RESPONSE TO
TRUSTEE'S OBJECTION TO BSI FINANCIAL SERVICES PROOF OF CLAIM
FILED DECEMBER 20, 2016 AS COURT CLAIM 5

Comes now BSI Financial Services as servicer for Wilmington Savings Fund Society, FSB, DBA Christiana Trust, Not individually but as trust for Ventures Trust 2013-I-H-R ("BSI"), by and through its undersigned attorney, and responds to the Trustee's Objection To BSI Financial Services Proof Of Claim Filed December 20, 2016 As Court Claim 5 (hereinafter "Objection").

1. On August 22, 2016, Jerri Lynn Wilson (hereinafter "Debtor") filed a petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. BSI holds the first mortgage secured by the Debtor's principal residence located at 51900 Renshaw Drive South Bend, IN 46628.

3. On December 20, 2016, BSI timely filed proof of claim 5-1 in the amount of $158,511.84 with arrears listed as $16,483.31 ("Claim").

4. The Trustee objects to the Claim on the grounds that it does not comply with the requirements of Federal Rules of Bankruptcy Procedure 3001, 3002(c)(2)(A) and 3002(c)(2)(C).

5. A claim or interest, proof of which is filed under section 501 of Title 11 of the United States Code, is deemed allowed unless a party in interest objects.  11 U.S.C. § 502(a).  If

an objection is filed, a hearing is held by the Court to determine whether the claim should be allowed or disallowed and the amount of the claim.  *Matter of Greenig*, 152 F.3d 631, 633 (7th Cir. 1998).

6. During the claims allowance process, the burden shifts between the parties.  Initially, a creditor bears the burden of establishing its claim.  Federal Rule of Bankruptcy Procedure 3001(f).  Once a creditor properly executes and files a proof of claim in accordance with Federal Rules of Bankruptcy Procedure, its proof of claim is considered "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000); *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993).

7. A properly filed proof of claim is prima facie evidence of validity and amount of claim and, to overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying proof of claim; only then is ultimate burden of persuasion with proponent of proof of claim.  *In Re Salem*, 465 F.3d 767, 779 (7th Cir. 2006); *Matter of Carlson*, 126 F.3d 915, 921 (7th Cir. 1997), *citing Placid Oil Co. v. IRS (In Re Placid Oil Co.)*, 988 F.2d 554, 557 (5th Cir. 1993) and *In Re Allegheny Intern., Inc.*, 954 F.2d 167 (3d Cir. 1992).

8. If a party objects to the claim, the objecting party carries the burden of going forward with evidence to overcome the prima facie validity and the amount of the claim.  *Matter of Carlson*, supra. at 922 citing *Fullmer v. United States*, 962 F.2d 1463, 1466 (10th Cir. 1992).  If the objecting party produces evidence to refute at least one of the allegations essential to the claim's legal sufficiency, the burden of persuasion shifts back to the claimant.  *Id. citing In Re Allegheny International, Inc.*, supra. at 271.

9. The Trustee's alleges that BSI failed to properly perform an escrow analysis as of the date of filing as required by *In re Briet*, however, the Trustee failed to provide citation for her authority. Nevertheless, the Trustee's allegation is incorrect because BSI attached an escrow analysis to the Claim that was run on August 22, 2016, the same date the Debtor filed bankruptcy.

10. The Trustee further alleges that BSI's escrow analysis is incorrect because it failed to begin the escrow analysis with a $0 balance. In fact, the escrow analysis does not provide for the Debtor's actual account balance. Instead it includes the anticipated balance and the required minimum for the Debtor's escrow account. The escrow analysis begins with the first post-petition payment in September 2016 at which time the Debtor was required to have $1,414.08 in her escrow account in order to maintain the escrow account's minimum required balance. This accounts for the "Projected escrow shortage" listed in Part 3 of the Mortgage Proof of Claim Attachment.

11. BSI does not contest the Trustee's allegation that the Debtor's monthly payment incorrectly incorporated a shortage payment of $315.41. BSI intends to amend the claim to correct this error.

12. BSI is working with the prior servicer of the loan to obtain additional information and documentation to address the Trustee's concerns regarding the items listed in paragraph 6 of the Trustee's objection.

13. In addition, BSI is working with the prior servicer of the loan to obtain additional information regarding the "Service of Transfer" on August 1, 2014 and the 5 monthly payment reversals before bankruptcy was filed.

WHEREFORE, BSI Financial Services as servicer for Wilmington Savings Fund Society, FSB, DBA Christiana Trust, Not individually but as trust for Ventures Trust 2013-I-H-R respectfully requests that this Court enter an order overruling the Trustee's Objection To BSI Financial Services Proof Of Claim Filed December 20, 2016 as Court Claim 5, or alternatively to continue the hearing for additional time provide more of the information requested by the Trustee, and for such other and further relief as the court deems just.

Dated: February 17, 2017                     Respectfully Submitted,

                                                                /s/ Bethany Wojtanowicz
                                                                Bethany Wojtanowicz
                                                                Weinstein & Riley, P.S.
                                                                Attorney for BSI Financial Services
                                                                2001 Western Ave, Suite 400
                                                                Seattle, WA 98121
                                                                Phone: (206) 269-3430
                                                                Email: BethanyW@w-legal.com

CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2017, a true and correct copy of the foregoing document was electronically filed using the Court's ECF system which will send notification of such filing to the following:

Patrick M. Seese
seeselawoffice@sbcglobal.net

Debra L. Miller
dmecf@trustee13.com

Nancy J. Gargula
USTPRegion10.SO.ECF@usdoj.gov

I hereby certify that on February 17, 2017, a true and correct copy of the foregoing document was sent via first-class mail to the following:

Jerri Lynn Wilson
51900 Renshaw Drive
South Bend, IN 46628

/s/ *Nikole Montufar*
Nikole Montufar
Legal Assistant to Bethany Wojtanowicz